NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
DOBCO, INC.,                        )
                                    )
             Petitioner,            )    Civ. No. 06-0699 (HAA)
                                    )
      -v-                           )    **OPINION AND ORDER**
                                    )
MERY GATES, INC.,                   )
                                    )
             Respondent.            )
_____)

Christopher L. Weiss, Esq.
Ferro, Labella & Zucker L.L.C.
27 Warren Street
Hackensack, New Jersey 07601
*Attorneys for Claimant*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on a motion by Petitioner Dobco, Inc. ("Dobco") for an Order confirming an Arbitration Award dated January 11, 2006, against Mery Gates, Inc. ("Mery Gates"). For the following reasons, Dobco's motion to confirm the arbitration award is DENIED without prejudice to resubmission upon proper service of Mery Gates.

*Factual Background*

Petitioner Dobco is a New Jersey corporation with its principal place of business in Paterson, New Jersey. Mery Gates is alleged to be a New York corporation with its principal place of business in Brooklyn, New York. Dobco asserts that this court has diversity jurisdiction

1

over this action, because Mery Gates is a resident of New York and the amount in controversy exceeds $75,000.

Dobco and Mery Gates entered into a contract whereby Mery Gates agreed to furnish and install fences and gates at the Brownsville Housing Project ("the Contract"). The Contract contained an arbitration provision that required all disputes under the Contract to be submitted to arbitration in accordance with the rules of the American Arbitration Association, and further specified that any award rendered in arbitration may be entered as a judgment in a state or federal court in the forum where the arbitration occurred.

After Mery Gates allegedly failed to perform the work, Dobco commenced arbitration proceedings, presumably in New Jersey, based on the forum request specified in the arbitration request form attached to Dobco's papers on this motion. Mery Gates did not attend, or participate in, the arbitration. An arbitration award was issued, granting Dobco $670, 399.00 for damages caused by Mery Gates' breach of the Contract. Thereafter, Dobco sought to have this Court confirm the arbitration award. Dobco filed a Verified Petition to confirm the arbitration award, and an accompanying Notice of Motion to confirm the arbitration award.

According to a filed Certification of Service, Dobco purported to serve Mery Gates by sending a copy of the Verified Petition and motion papers by certified mail to William Gogel, Esq., an attorney who had previously represented Mery Gates, albeit not in the arbitration proceeding. Mr. Gogel wrote to Dobco's counsel indicating that he (Gogel) had not appeared in the action to confirm the arbitration award, nor in the prior arbitration, and thus suggested that Dobco should "refile [the] Notice and serve [it] upon Mery Gates, Inc." (Letter From William Gogel, Esq. to Adam Kipnis Esq., dated March 3, 2006.) Dobco's counsel thereafter wrote to the

Clerk of the Court, asserting that Mr. Gogel had verbally agreed to accept service on behalf of Mery Gates, despite Mr. Gogel's protestations.  (Letter from Adam Kipnis, Esq. to William T. Walsh, dated March 8, 2006.)

### *Analysis*

Confirmation of arbitration awards are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.  That statute provides that if parties to a contract containing an arbitration provision have agreed that an arbitrator's award may be reduced to judgment, an application may be made "to the United States Court in and for the district within which such award was made." 9 U.S.C. §9.  The statute provides for two different modes of serving an adversary with notice of an application to confirm an arbitration award, and thereby gaining jurisdiction over the parties:

> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of a notice of motion in an action in the same court.  If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

*Id.*  Here, it appears that the arbitration took place in New Jersey, although there appears to have been no formal hearing due to Mery Gates's failure to participate in the arbitration proceeding. Mery Gates is a resident of New York.  Because Mery Gates is not a resident of New Jersey, the district in which the award was made, Dobco was not permitted by the FAA to serve Mery Gates through its attorney by way of a notice of motion.  Rather, Dobco had an obligation to have Mery Gates served by a marshal, as the strict language of the statute provides.  In the alternative, in light of recent federal jurisprudence recognizing the elimination of the use of marshals for service

of original process, Dobco had the obligation to serve Mery Gates in the same manner as if performing initial service of process under Federal Rule of Civil Procedure 4.  *See Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F. 2d 1268, 1277 (2d Cir. 1971) (recognizing that "[t]he phrase 'in like manner as other process of the court' found in § 9 of the [FAA] refers to Fed. R. Civ. P. 4 on the accomplishment of appropriate service"); *see also Hancor, Inc. v. R&R Eng'g Prod., Inc.*, 381 F. Supp. 2d 12, 15 (D.P.R. 2005) (recognizing that 9 U.S.C. §9's reference to service by marshal has been interpreted to permit service by means now used for service of initial process under Fed. R. Civ. P. 4, as marshal service of initial process has been eliminated by rules changes).

> Under Rule 4, service of process on a domestic corporation may be accomplished either:
>
>> in the manner prescribed for individuals by subdivision (e)(1) [i.e. pursuant to the service of process rules for the relevant state] or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P 4(h)(1).

In the present case, service of the Verified Petition and notice of motion to confirm the arbitration award was not accomplished by a personal delivery of the papers to any officer or agent of Mery Gates.  Rather, the papers were served by certified mail, a means of service that is only appropriate for initial process where the defendant has executed a formal waiver of service pursuant to Federal Rule of Civil Procedure 4(d).  *See Staudte v. Abrahams*, 172 F.R.D. 155, 156 (E. D. Pa. 1997) (noting that "[e]xcept where a waiver has been obtained, the Federal Rules of Civil Procedure do not provide for service of original process by mail, including certified mail").  There is no suggestion in the record that Dobco's counsel sought or received a Rule 4(d) waiver of service from

Mery Gates.    Furthermore, in order for Dobco's certified mail service to be permissible under New Jersey service of process rules, Dobco would have had to first file an affidavit of diligent inquiry indicating an inability to serve or locate Mery Gates within the borders of New Jersey, pursuant to New Jersey Court Rule 4:4-4(b)(1)(c).  Again, there is no indication in the record that any affidavit of inquiry was executed or filed.

Because the record here contains neither a waiver of service under the federal rules, nor an affidavit of inquiry under the New Jersey rules, Dobco's attempt to serve Mery Gates by certified mail directed to Mr. Gogel was ineffective to secure this Court's jurisdiction over Mery Gates. Accordingly, this petition for confirmation of the January 11, 2006 arbitration award against Mery Gates is subject to dismissal without prejudice to refiling.

### *Conclusion*

For the aforementioned reasons it is hereby ORDERED that Dobco's Motion to Confirm the Arbitration Award is DENIED without prejudice to refiling.

Newark, New Jersey

Date: July 20, 2006                                                                s/ Harold A. Ackerman, U.S.D.J.